RECORD NUMBER: 13-4268

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JUAN XUTUC-LOPEZ,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

# OPENING BRIEF OF APPELLANT

**MARK H. ALLENBAUGH
LAW OFFICES OF MARK H.
  ALLENBAUGH
30432 Euclid Avenue
Suite 101
Wickliff, OH 44092
(800) 605-4993**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................... ii

JURISDICTIONAL STATEMENT ................................................................. 1

STATEMENT OF THE ISSUES ..................................................................... 1

STATEMENT OF THE CASE .......................................................................... 2

STATEMENT OF THE FACTS ....................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................... 3

ARGUMENT .................................................................................................... 4

    Standard of Review ................................................................................ 4

        Discussion ............................................................................. 5

CONCLUSION ................................................................................................ 8

REQUEST FOR ORAL ARGUMENT ........................................................... 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

## **CASES**

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ....................... 4

United States v. Amezquita-Franco,
    2013 U.S. App. LEXIS 8896 (4th Cir. May 1, 2013) .......................... 7

United States v. Everett,
    285 F.3d 336 (4th Cir. 2002) ............................................................... 6

United States v. Hernandez,
    2013 U.S. App. LEXIS 6828  (4th Cir. Apr. 4, 2013).......................... 7

United States v. King,
    673 F.3d 274 (4th Cir.) ........................................................................ 4

United States v. Lynn,
    592 F.3d 572 (4th Cir. 2010) ............................................................... 4

United States v. Mendoza-Mendoza,
    597 F.3d 212 (4th Cir. 2010) ............................................................... 4

United States v. Olano,
    507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ................... 4

United States v. Sanchez-Mendez,
    2013 U.S. App. LEXIS 7796 (4th Cir. Apr. 18, 2013)......................... 7

## **RULES, STATUTES. AND OTHER AUTHORITIES**

18 U.S.C. § 1326 (a) ....................................................................... 1, 2, 3, 5

18 U.S.C. § 1326 (b)(2) .................................................................. 1, 2, 3, 5

18 U.S.C. § 3231 ...................................................................................... 1

18 U.S.C. § 3742 ...................................................................................... 1

28 U.S.C. § 1291 ................................................................................................ 1

Fed. R. App. P. 4(b)(2) .................................................................................... 1

USSG § 5D1.1 ......................................................................................... 2, 5, 6

# JURISDICTIONAL STATEMENT

1.    The jurisdiction of the United States District Court for the Middle District of North Carolina, was founded upon 18 U.S.C. § 3231. The United States Attorney in that district charged JUAN MANUEL XUTUC-LOPEZ by indictment with illegal reentry in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). Mr. Xutuc-Lopez pled guilty pursuant without the benefit of a plea agreement.

2.    The jurisdiction of the United States Court of Appeals for the Fourth Circuit is founded upon 28 U.S.C. § 1291, 18 U.S.C. § 3742, and Fed. R. App. P. 4(b)(2), and is based upon the following particulars:

    i.    Date of entry sought to be reviewed: Sentence imposed on March 15, 2013; Judgment in a Criminal Case signed on April 9, 2013; Judgment in a Criminal Case entered on April 9, 2012;

    ii.    Filing date of motion for a new trial: N/A;

    iii.    Disposition of motion and date of entry: N/A;

    iv.    Filing date of notice of appeal: April 10, 2013.

# STATEMENT OF THE ISSUES

Whether the District Court's imposition of a three-year term of supervised release constituted plain error where Appellant is a deportable alien and no findings were otherwise made to justify imposition of any term of supervised release.

1

## STATEMENT OF THE CASE

On December 4, 2012, Appellant, a foreign national and without the benefit of a plea agreement, pled guilty to one count of illegal re-entry in violation 8 U.S.C. §§ 1326 (a) and (b)(2). While not subject to any minimum terms of imprisonment or supervised release, Appellant was subject to a maximum term of 20 years imprisonment followed by up to three years of supervised release. On March 15, 2013, the District Court imposed a within-Guidelines sentence of 27 months followed by a three-year term of supervised release.

It is uncontested that Appellant is a deportable alien and that no term of supervised release was required for his offense of conviction. Section 5D1.1, comment. (n.(5)) of the United States Sentencing Guidelines Manual provides, in relevant part, that "[i]n a case in which the defendant is a deportable alien . . . and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release." See also App. at 34, ¶ 43.

While the Guidelines do provide that a term of supervised release may be appropriate as "an added measure of deterrence and protection based on the facts and circumstances of a particular case," USSG §5D1.1, comment. (n.(5)), no such findings of fact were made by the District Court warranting imposition of any term of supervised release. Indeed, the District Court expressly found that the lack of any criminal history over the last 20 years coupled with the fact that Appellant's

reentry was triggered by a "desire to provide a good means of support or means of education for family or children is something to be admired," App. at 13, did not even warrant a sentence at the high end of the 24-30 months' Guidelines range.

## STATEMENT OF FACTS

On December 4, 2012, Appellant, a foreign national and without the benefit of a plea agreement, pled guilty to one count of illegal re-entry in violation 8 U.S.C. §§ 1326 (a) and (b)(2). App. at 26. On March 15, 2013, the District Court imposed a within-Guidelines sentence of 27 months followed by a three-year term of supervised release. App. at 13. It is uncontested that Appellant is a deportable alien and that no term of supervised release was required for his offense of conviction.

## SUMMARY OF ARGUMENT

Appellant is a foreign national who plead guilty to one count of illegal reentry. As such, Appellant is a deportable alien. Appellant was sentenced to a 27-month term of imprisonment followed by three years of supervised release. No term of supervised release was required to be imposed by statute. The U.S. Sentencing Guidelines provide that deportable aliens should not ordinarily be sentenced to a term of supervised release where no term is required by statute. Accordingly, it was plain error for the District Court to impose a term of supervised release.

3

# ARGUMENT

**Standard of Review**

Reviewing a sentence is a two-step process. Initially, this Court examines a sentence for "significant procedural error." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). If none, then this Court will consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In reviewing a sentence for reasonableness, this Court applies an abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216, 184 L. Ed. 2d 111 (2012).

Where, as here, no objection to the imposition of a term of supervised release was made at the District Court, this Court will review that portion of Appellant's sentence for plain error. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). To establish plain error, Appellant must show: (1) there was error; (2) the error was plain; and (3) the error affected Appellant's substantial rights. See United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). Further, where these factors are met, this Court will only exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks omitted).

**Discussion**

On December 4, 2012, Appellant, a foreign national and without the benefit of a plea agreement, pled guilty to one count of illegal re-entry in violation 8 U.S.C. §§ 1326 (a) and (b)(2). While not subject to any minimum terms of imprisonment or supervised release, Appellant was subject to a maximum term of 20 years imprisonment followed by up to three years of supervised release. App. at 34, ¶¶ 43 and 45. On March 15, 2013, the District Court imposed a within-Guidelines sentence of 27 months followed by a three-year term of supervised release. App. at 13. Appellant was found to have a total criminal history score of zero, placing him in criminal history category I. App. at 31. Appellant did not object to the imposition of the term of supervised release.

It is uncontested that Appellant is a deportable alien and that no term of supervised release was required to be imposed for his offense of conviction. Section 5D1.1, comment. (n.(5)) of the United States Sentencing Guidelines Manual provides, in relevant part, that "[i]n a case in which the defendant is a deportable alien . . . and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release." See also App. at 34, ¶ 43.

While the Guidelines do provide that a term of supervised release may be appropriate as "an added measure of deterrence and protection based on the facts

5

and circumstances of a particular case," USSG §5D1.1, comment. (n.(5)), no such findings of fact were made by the District Court warranting imposition of any term of supervised release. Indeed, the District Court expressly found that the Appellant's lack of any criminal history over the last 20 years coupled with the fact that Appellant's reentry was triggered by a "desire to provide a good means of support or means of education for family or children is something to be admired," App. at 13, did not even warrant a sentence at the high end of the 24-30 months' Guidelines range.

The erroneous imposition of a term of supervised release can constitute plain error. See, e.g., United States v. Everett, 285 F.3d 336, 341 (4th Cir. 2002). Further, "[t]he terms and conditions of supervised release are a substantial imposition on a person's liberty," and as such, can also affect substantial rights. Id. at 342. The only issue, therefore, is whether the record would justify imposition of a term of supervised release in order to provide an "added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG §5D1.1, comment. (n.(5)). The record here simply does not provide adequate support for the imposition of any term of supervised release.

In a series of recent, unpublished decisions, this Court affirmed the imposition of terms of supervised release on deportable aliens only where the record reflected, and the District Court below expressly found, that there were

6

unusual facts and circumstances warranting imposition of a term of supervised release—generally repeated criminal activity.  See, e.g., United States v. Amezquita-Franco, 2013 U.S. App. LEXIS 8896, *6 (4th Cir. May 1, 2013)(affirming term of supervised release where "the court was expressly concerned about deterrence and protection, given [defendant's] repeated reentries into this country and his sexual crimes against a person under the age of fourteen"); United States v. Sanchez-Mendez, 2013 U.S. App. LEXIS 7796, *2-*3 (4th Cir. Apr. 18, 2013)(affirming term of supervised release where district court found defendant's criminal history to be in category VI); United States v. Hernandez, 2013 U.S. App. LEXIS 6828, *8 (4th Cir. Apr. 4, 2013)(affirming term of supervised release in light of defendant's "gang affiliation").

    Here, in addition to noting that Appellant had "no significant criminal activity" in the last 20 years, and Appellant's reasons for re-entering this country were "something to be admired," the District Court also found that Appellant did "not have other re-entries and deportations or more serious other offenses since the original deportation."  App. at 13.  Thus, this case plainly does not present those facts that would warrant the imposition of any term of supervised release.

7

## CONCLUSION

The District Court's imposition of a three-year term of supervised release constituted plain error affecting Appellant's substantial rights. The record below as well as the District Court's express findings at the sentencing hearing regarding Appellant's lack of relevant criminal history and admirable motives for re-entry demonstrate that this case is an "ordinary" case not warranting imposition of a term of supervised release. Accordingly, Appellant respectfully asks that this Court should vacate Appellant's sentence and remand for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

Respectfully Submitted,

/s/ Mark H. Allenbaugh
*Counsel*

Mark H. Allenbaugh
Law Offices of Mark H. Allenbaugh
30432 Euclid Avenue
Suite 101
Wickliff, OH 44092
(800) 605-4993
mark@allenbaughlaw.com

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4268     Caption: US v. JUAN XUTUC-LOPEZ

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

  [✓] this brief contains __1,687__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

  [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

  [✓] this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; or

  [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) __MARK H. ALLENBAUGH__

Attorney for __Appellant__

Dated: __08/14/2013__

Rev. 03/03/11

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Kyle David Pousson
Office of the United States Attorney
101 South Edgeworth Street
P. O. Box 1858
Greensboro, NC 27401-0000
(336) 333-5351
USANCM.ECFCENTRAL@usdoj.gov


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel